1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR RODRIGUEZ JR. dba PACIFIC CONSTRUCTION CONCEPTS,<br><br>   Plaintiff,<br><br>   v.<br><br>AMERICAN EXPRESS, ADVANTA, BANK ONE, BANK OF AMERICA, CITIBANK, DISCOVER, FORD CREDIT, HOME DEPOT, LOWES COMPANIES, INC., INTERNAL REVENUE SERVICE, NEXTEL COMMUNICATIONS, PINE MOUNTAIN LAKE, U.S. BANKCORP, VALLEY FIRST CREDIT UNION, WELLS FARGO BANK, NBMA, and DOES 1-100, INCLUSIVE,<br><br>   **Defendant**s | CV F 03-5949   AWI LJO<br><br>**ORDER TEMPORARILY STAYING PROCEEDINGS AND DIRECTING PLAINTIFF TO SUBMIT FURTHER DOCUMENTS** |

   In this action for damages and relief under the Soldiers and Sailors Civil Relief Act, plaintiff Oscar Rodriguez, Jr. ("Plaintiff") has requested a further continuation of the time for submission of his brief in opposition to the motion for summary judgment by defendants Citibank, Bank of America, American Express, and Valley First Credit Union (collectively "Defendants"). Plaintiff's request for extension of time is his third, each of the previous two having been requested on the same ground of unavailability due to active military service. The prior two requests were unopposed. The instant request is opposed by defendants Bank of

America and Valley First Credit Union.

The court construes Plaintiff's request to continue as a request to stay proceedings. Because the request for stay is opposed, the court must look to statutory authority to determine whether Plaintiff is entitled to further continuation or stay of these proceedings. The Soldiers' and Sailors' Civil Relief Act, 50 App. U.S.C. § 501[1] et seq.("the Act"), as amended in 2003 provides for the stay of proceedings that are brought under the Act. Pursuant to section 522(b)(1):

> At any stage before final judgment in a civil action or proceeding in which a servicemember described in subsection (a) is a party, the court may on its own motion and shall, upon application by the servicemember, stay the action for a period of not less than 90 days, if the conditions in paragraph (2) are met.

The conditions for stay are set forth in section 522(b)(2) as follows:

> An application for a stay under paragraph (1) shall include the following:
>
> (A)   A letter or other communications setting forth facts stating the manner in which current military duty requirement materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.
>
> (B)   A letter or other communication from the servicemember's commanding officer stating the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

Pursuant to the act, the court will order a stay of proceedings upon proper application by Plaintiff pursuant to section 522(b) of the Act. To this court's knowledge, Plaintiff has not filed a declaration or letter from a commanding officer in support of his request to stay or for continuance with respect to the instant request.[2] The court will grant a two (2) week extension of time for the filing of a declaration and a letter from Plaintiff's commanding officer as set

---

[1] References to section numbers hereinafter refer to Title 50 Appendix of the United State Code unless otherwise specified.

[2] The record does contain a letter from Plaintiff's commanding officer dated August 23, 2005, but the letter deals with a period of military participation that was scheduled to end September 25, 2005. The court has no documents at hand that pertain to the current time period.

2

forth in subdivisions (A) and (B), above. Plaintiff's declaration shall be made under oath or affirmation and shall include specific information pertaining to facts that prevent Plaintiff from opposing Defendants' motion for summary judgment. Plaintiff shall also include information as to the expected time that Plaintiff will be unable to participate in the proceedings. Following receipt of Plaintiff's declaration and letter from his commanding officer, the court will consider the information provided and will stay proceedings further as the court deems appropriate. <u>See Boone v. Lightner</u>, 319 U.S. 561, 571 (1943) ( courts have broad discretion in considering stay-related factors); <u>Atkins v. County of Alameda</u>, 2004 WL 444105 at *2 (N.D.Cal. 2004) (two primary factors are whether the serviceperson is stationed overseas or whether the service person "can easily alleviate the need for a stay . . ."). Defendants need not respond to the submission of the declaration or letter from commanding officer unless directed to do so by the court.

THEREFORE, it is hereby ordered that Plaintiff shall, not later than fourteen (14) days from the date of service of this order, file and serve a declaration setting forth facts under oath or affirmation that support his request for stay of proceedings in conformity with section 522(b)(2)(A), and a letter from Plaintiff's commanding officer in conformity with section 522(b)(2)(B). All other proceedings are hereby STAYED until further notice of the court. Plaintiff is also directed to advise the court of the status of Nextel Communications as a named party in this action as per the court's previous order.

IT IS SO ORDERED.

**Dated:   December 15, 2005**              **/s/ Anthony W. Ishii**
h2ehf                                         UNITED STATES DISTRICT JUDGE