**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **OSCAR RODRIGUEZ JR. dba PACIFIC CONSTRUCTION CONCEPTS,**<br><br>**Plaintiff**,<br><br>v.<br><br>**AMERICAN EXPRESS, ADVANTA, BANK ONE, BANK OF AMERICA, CITIBANK, DISCOVER, FORD CREDIT, HOME DEPOT, LOWES COMPANIES, INC., INTERNAL REVENUE SERVICE, NEXTEL COMMUNICATIONS, PINE MOUNTAIN LAKE, U.S. BANKCORP, VALLEY FIRST CREDIT UNION, WELLS FARGO BANK, NBMA, and DOES 1-100, INCLUSIVE,**<br><br>**Defendant**s | CV F 03-5949   AWI LJO<br><br>**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**<br><br>Document Numbers:  84, 151, 154, 157, and 158 |

        This is an action by plaintiff Oscar Rodriguez ("Plaintiff") pursuant to the Soldier's and Sailor's Act Civil Relief Act, renamed pursuant to 2003 amendments the Servicemembers Civil Relief Act ("SCRA"), for damages and injunctive relief.  Of the defendants named in the original complaint, four remain.  Those are CitiBank USA, ("Citibank"), Bank of America, American Express Travel Related Services ("American Express"), and Valley First Credit Union ("Valley First") (collectively, "Defendants").  Now before the court are motions for summary judgment on all claims for relief alleged by Plaintiff by each Defendant.  Federal

question jurisdiction exists pursuant to 28 U.S.C. § 1331.  Venue is proper in this court.

## PROCEDURAL HISTORY

The original complaint in this case was filed on July 11, 2003.  The complaint was amended three times to specifically name additional defendants.  The last amendment was filed on December 24, 2003.  However, the allegations set forth in the original complaint have not been altered in the amendments.  Reference hereinafter to the "complaint" is to the original complaint as subsequently modified to name new plaintiffs.  The complaint originally named some 18 defendants.  Between December 2003 and March 17, 2005, all defendant parties except the above-listed Defendants were voluntarily dismissed or dismissed by stipulation.  On August 2, 2005, defendant Bank of America filed its motion for summary judgment.  Citibank filed its motion for summary judgment on August 11, 2005, followed by defendants Valley First, and American Express on August 26, 2005.  On September 13, 2005, the deadline for opposition to the motions for summary judgment was continued at Plaintiff's request.  On September 19, 2005, the dates for jury trial and pretrial hearing were vacated pending resolution of the motions for summary judgment.  Filing dates were again continued upon Plaintiff's request on October 24, 2005, and again on December 15, 2005.  Further stay of proceedings was denied on February 7, 2006, and a final briefing schedule was set.  Plaintiff's opposition to the motions for summary judgment was filed on March 10, 2006.  Defendants' reply briefs were filed between March 16, 2006, and March 22, 2006.

## UNDISPUTED MATERIAL FACTS

Each of the Defendant moving parties have submitted their statements of undisputed facts.  Plaintiff's opposition to the motions for summary judgment does not include any response to Defendants' statements of undisputed facts, nor has he submitted anything that could be termed a statement of disputed facts.  See Local Rule No. 56-260.  Consequently, the court takes as established the factual allegations of the moving parties.

The following facts are undisputed and common to all Defendants:

Plaintiff is a member of the active United States Air Force Reserve who entered into active duty within the meaning of the SCRA beginning on February 13, 2002, and continuing through and including February 12, 2003. Plaintiff is sole proprietor of a company called Pacific Construction Concepts, and is solely liable for the debts of that company. Defendants are financial institutions who extended to Plaintiff or to Pacific Construction Concepts either secured or unsecured credit, and to whom Plaintiff was indebted at the time of his entry into active duty.

Plaintiff's complaint makes four claims for relief , but does not consistently specify which claims are being asserted against which Defendants. The court construes the complaint as alleging each of the four claims for relief against each of the Defendants. First, Plaintiff alleges Defendants failed to reduce the interest rate on debts outstanding to Defendants as required by the SCRA. Plaintiff's complaint makes no specific allegations in this regard; it merely states that some Defendants did lower their interest rates and others did not. Plaintiff seeks refunds of any interest charges paid in excess of the statutory maximum to any of the Defendants. Second, Plaintiff alleges the Defendants submitted unfavorable credit reports that were retaliatory or otherwise actionable under the SCRA. Plaintiff's complaint requests injunctive relief to require each Defendant to withdraw and/or repair the negative credit reports. Third, Plaintiff's complaint contends that Plaintiff is entitled, pursuant to the SCRA, to stay the enforcement of the contracts requiring him to repay accrued debts and to restructure his debts for a period of one year. Specifically, the complaint seeks to require each Defendant to restructure Plaintiff's payments so that he may make his monthly payments at the rate of one-tenth the current monthly payment for a period of one year. Fourth and last, Plaintiff seeks general damages for harms that resulted from Defendants' alleged violations of the SCRA.

Defendants each allege the undisputed material facts of this case do not support any of the first three of Plaintiffs claims for relief. Further, Defendants each allege the SCRA does not authorize recovery for general damages.

Undisputed material facts that are pertinent to individual Defendants' motions for summary judgment will be set forth in the discussion that follows.

## LEGAL STANDARD

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Poller v. Columbia Broadcast System, 368 U.S. 464, 467 (1962); Jung v. FMC Corp., 755 F.2d 708, 710 (9th Cir. 1985); Loehr v. Ventura County Community College Dist., 743 F.2d 1310, 1313 (9th Cir. 1984).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the moving party has the burden of proof at trial, that party must carry its initial burden at summary judgment by presenting evidence affirmatively showing, for all essential elements of its case, that no reasonable jury could find for the non-moving party. United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir.1991) (en banc); Calderone v. United States, 799 F.2d 254, 259 (6th Cir. 1986); see also E.E.O.C. v. Union Independiente De La Autoridad De Acueductos Y Alcantarillados De Puerto Rico, 279 F.3d 49, 55 (1st Cir. 2002) (stating that if "party moving for summary judgment bears the burden of proof on an issue, he cannot prevail unless the evidence that he provides on that issue is conclusive.")

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968); Ruffin v. County of Los Angeles, 607 F.2d 1276, 1280 (9th Cir. 1979). In attempting to establish the existence of this factual

dispute, the opposing party may not rely upon the mere allegations or denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n.11; First Nat'l Bank, 391 U.S. at 289; Strong v. France, 474 F.2d 747, 749 (9th Cir. 1973). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Anderson, 477 U.S. 248-49; Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." First Nat'l Bank, 391 U.S. at 290; T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments); International Union of Bricklayers v. Martin Jaska, Inc., 752 F.2d 1401, 1405 (9th Cir. 1985).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Rule 56(c); Poller, 368 U.S. at 468; SEC v. Seaboard Corp., 677 F.2d 1301, 1305-06 (9th Cir. 1982). The evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)(per curiam); Abramson v. University of Hawaii, 594

5

F.2d 202, 208 (9th Cir. 1979). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

## DISCUSSION

### I. Servicemembers' Rights Under the SCRA

The Soldiers and Sailors Civil Relief Act of 1940 was substantially amended in 1991 and was renamed the Servicemembers Civil Relief Act by the 2003 amendments. The 2003 amendments provided that the SCRA, as amended in 1991 and as reenacted in 2003, applies in any case that is not final before December 19, 2003, the date of reenactment. Because this case is not yet final, the 2003 amendments are applicable.

The SCRA is codified at 50 App. U.S.C. § 501, et seq. The purpose of the act is:

> (1) to provide for, strengthen, and to expedite the national defense through protection extended by this Act [. . .] to servicemembers of the United States to Enable such persons to devote their entire energy to the defense needs of the Nation; and
>
> (2) to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service.

50 App. U.S.C., section[1] 502.

Pertinent to Plaintiff's claims for relief against Defendants for improper interest rate charges, the SCRA provides that "[a]n obligation or liability bearing interest at a rate in excess of 6 percent per year that is incurred by a servicemember, or the servicemember and the servicemember's spouse jointly, before the servicemember enters military service shall not bear interest at a rate in excess of 6 percent per year during the period of military service." §527(a)(1). Subdivision (2) provides that interest in excess of 6 percent that would otherwise be incurred is to be forgiven. § 527(a)(2). To receive protection under this section, the

---

[1] References to section numbers hereinafter refer to sections of Title 50 Appendix of the United States Code, unless otherwise specified.

servicemember is responsible to provide notice of his entry into active military service within "180 days after the date of the servicemembers termination or release from military service." § 527(b)(1).

With regard to credit reports, the SCRA provides that application by a servicemember for relief under the SCRA "shall not itself (without regard to other considerations) provide a basis for [. . .]:"

> (3) An adverse report relating to the creditworthiness of the servicemember by or to a person engaged in the practice of assembling or evaluating consumer credit.

§ 518.

Pertinent to Plaintiff's claims for relief by reducing and restructuring his monthly payments, a servicemember who incurs a contractual obligation to make periodic payments against a debt is entitled to a number of protections under the SCRA that have the effect of modifying the contractual obligation. The specific protections vary somewhat with the nature of the debt and the type of action instituted against the servicemember. See, e.g., §§ 532 (preventing recision or termination of contract before or during military service), 533 (providing stay to enforce an obligation on real or personal property for such time as is equitable), 591 (providing stay of enforcement of contracts, conditions of stay being dependant on whether the contracts are for real estate or other). Plaintiff's complaint specifically invokes the protections afforded by section 591, which will be discussed in more detail *infra*.

## II. Plaintiff's Opposition and Further Amendment of the Complaint

Plaintiff's opposition to Defendants' motions for summary judgment does not directly address any of the legal issues raised by Defendants' motions, nor does it refute the facts Defendants allege in their statements of undisputed material fact. Rather, Plaintiff's opposition consists of some generalized assertions concerning the rights afforded by the SCRA, and a few factual allegations that have only tangential relevance to the claims set forth in the complaint. Specifically, Plaintiff alleges that Bank of America *attempted* to repossess his home and sent

"agents to illegally repossess his family's recreational boat while petitioner is on active duty." Plaintiff's opposition also alleges Bank of America, American Express and Valley First issued credit reports containing negative credit information. Plaintiff's opposition implies that the damages he suffered were the direct result of these negative credit reports.

Of particular concern to the court, Plaintiff states in his opposition that he "hereby amends the Petition" to include claims for relief under the Fair Credit Reporting Act, the Federal Truth in Lending Act, and pursuant to a number of California state codes. Rule 15(a) of the Federal Rules of Civil Procedure provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served [. . . .] Otherwise, a party may amend the party's pleading only by leave of the court or by written consent of the adverse party and leave shall be freely given when justice so requires." The court notes that each of the Defendants in this case have filed responsive pleadings. Simply put, Plaintiff may not amend his complaint without leave of the court and that leave has not been requested or granted.

Even if Plaintiff had requested leave to amend in his opposition, that leave would not be granted at this late stage of the proceedings because to do so would severely prejudice the Defendant parties by further delaying what has already been a very protracted and often-delayed proceeding. Further, Plaintiff suffers little prejudice as a result of the denial of leave to amend. Although an in depth review of Plaintiffs additional allegations is not warranted here, a cursory glance at the additional claims indicates the success of those claims would depend on the court's finding that the actions of the Defendants, which would otherwise represent lawful steps to secure their rights under the various loan and credit agreements with Plaintiff, are unlawful under the SCRA. As will be discussed in some detail below, Plaintiff, with only one minor exception, has failed to allege specific facts that would sustain any claim of unlawful activity under the SCRA on the part of any Defendant. Plaintiff's opposition has failed to allege any specific facts that, if true, would warrant relief under any of the additional statutes

8

Plaintiff wishes to add to the complaint.

The court will therefore deny Plaintiff's presumed request to further amend the complaint.

### III. Plaintiff's Claims Against Individual Defendants

#### A. *Valley First Credit Union*

Valley First alleges the following facts, which plaintiff has not disputed. Plaintiff and his wife jointly financed a balance of $41,276.40 for the purchase of a new automobile on or about December 29, 2001. The interest rate at the time of financing was 7 percent. On or about March 15, 2002, Valley First was notified that Plaintiff had commenced active duty. Valley First reduced the interest rate on the loan to 6 percent as of that date. On or about April 1, 2002, Valley First wrote to Plaintiff's wife offering to reduce the monthly payment to reflect the reduction in interest charge and to make the change retroactive. Valley First also offered to extend the payment period to 84 months thereby reducing the monthly payments. Plaintiff and Plaintiff's wife did not respond but continued making installment payments at the previous rate on and off for several months. Plaintiff was sometimes delinquent in his payment and on one occasion a late fee was assessed, however that late fee was promptly credited back to Plaintiff's account.

On or about May 16, 2002, Valley First made an negative credit report reflecting a late payment of Plaintiff's loan. However, that negative report was formally withdrawn by Valley First on October 21, 2004. Plaintiffs credit report currently does not reflect any negative credit information generated by Valley First. On January 22, 2003, Valley First was notified Plaintiff was coming off active duty and that Plaintiff wished to accept Valley First's offer of extended and lowered monthly payments. Valley First offered to extend payments and lower the payment amount to $602 per month and to continue the 6 percent interest rate for another six months. Plaintiff accepted the offer. Plaintiff remains in possession of the automobile, and Valley First has never made any effort to repossess it.

Valley First contends it is entitled to summary judgment on each of Plaintiff's claims. As to Plaintiff's claims with regard to interest rates, Valley First is not entitled to summary judgment. Section 527 provides that the servicemember is entitled to the reduction of interest rates to 6 percent as of the date of entry into active duty, not as of the date of notice. Valley First's undisputed facts indicate the interest rate was lowered as of March 15, 2002; the date Valley First received notice. The undisputed facts also establish that Valley First <u>offered</u> to restructure the payments and make the payments retroactive and that Plaintiff's wife did not respond, but continued to make monthly payments at the same rate. While Valley First may have extended the lowered interest rate longer than required by statute or in some other way offered greater accommodation than the SCRA requires, the court's focus for purposes of this motion is strictly on the issue of whether there remains a material issue of fact as to Plaintiff's claim that Valley First did not adjust the interest rate and credit excess interest paid as required by law. Pursuant to the SCRA, Valley First was obliged to lower the interest rate as of the date Plaintiff entered active duty and to credit his account with the interest that was paid between the date of entry and the date of notification. Defendant presents no authority that the obligation of Valley First to retroactively apply the credit paid between February and March of 2002 is waived by Plaintiff's non-response to Valley first's offer. Whether or not Plaintiff's wife accepted Valley First's offer to restructure the payments, Valley First should have credited the account with the excess interest paid. Valley First's undisputed facts do not establish that such a credit was applied to the account. The court therefore finds summary judgment is not warranted with respect to Plaintiffs claim regarding interest rates assessed by Valley First.

As to Plaintiff's claim that Valley First unlawfully issued a negative credit report, Valley First correctly contends the SCRA does not prohibit the issuance of credit reports, it prohibits the issuance of a negative credit report that is based solely on fact the servicemember availed him or herself of the benefits of the SCRA. That is, the provisions of section 518 protect the servicemember from retaliatory credit reports or negative credit reports that are not

based on actual information reflecting credit problems. Plaintiff presents no support for the proposition that credit reports that truthfully reflect credit problems, such as late payments are actionable under this provision. Here, it is not disputed that Plaintiff was late on one or more monthly payments and that fact was reflected in a credit report. Because the negative credit report was based on a factual occurrence that may legitimately be reported in credit reports as a normal matter of course, Valley First did not offend the terms of SCRA by issuing the report. Valley First is entitled to summary judgment with respect to Plaintiff's claims of issuance of an unlawful credit report.

In his complaint, Plaintiffs seeks relief pursuant to section 590 of the SCRA, which provides for the reorganization of debt and the staying of enforcement of contracts for a period of time following active duty. Specifically, Plaintiff seeks the reduction of his current monthly payments to each Defendant to one-tenth of the pre-active duty amount for a period of twelve months. As previously noted, this case is governed by the terms of the 2003 amendments to the SCRA. As amended, section 590 has been deleted and replaced by section 591. Pertinent to Plaintiff's claims against Valley First, section 591 provides that:

> A servicemember may, during military service or within 180 days of termination of or release from military service, apply to a court for relief –
>
> (1) from any obligation or liability incurred by the servicemember before the servicemember's military service [¶ . . . . ¶]
>
> (2) Stay of enforcement of other contracts
>
> (A) in the case of any [non-tax] obligation, liability, [. . .], or assessment, the court may grant a stay of enforcement –
>
> (i) during the servicemenber's military service; and
>
> (ii) from the date of termination of or release from military service, or from the date of application if made after termination or release from military service.
>
> (B) Any stay under this paragraph shall be –
>
> (i) for a period of time equal to the period of the servicemember's military service or any part of

11

>such period;
>
>(ii) subject to payment of the balance of principal and accumulated interest due and unpaid at the date of termination or release from military service, or the date of application, in equal periodic installments during this extended period at the rate if interest as may be prescribed for this obligation, liability, tax or assessment, if paid when due, and subject to other terms as may be equitable.

The provisions of this section are essentially identical with the provisions of the now-deleted section 590, as far as Plaintiff's request for relief is concerned. In both cases, a grant of relief requires the servicemember apply to a court for relief "within 180 days of termination of or release from military service." As Valley First and all the other Defendants point out, Plaintiff was terminated or released from military service as that term is defined in the statute on February 12, 2003. This action was filed on July 11, 2003, which is within the statutory time period, however Plaintiff did not file a noticed motion for stay. Plaintiff requested a stay and restructuring of his payments in the <u>complaint</u>, but a complaint is not a motion, and a stay pursuant to section 591 (or section 590) is not self-executing. Plaintiff had the burden to file and serve a separate motion for stay and failed to do so.

As Defendants point out, section 591 provides a stay to continue from the time of application – here not later than 180 days after February 12, 2003 – for a period equal to the time of military service, or one year in this case. Plaintiff has provided no authority for the proposition that a stay pursuant to section 591 is to be tolled during the pendency of the action that requests the stay. Any such tolling would be extraordinarily unfair in a case such as the one at bar where Plaintiff has not brought the request for stay directly to the court's attention and Plaintiff has been the source of numerous delays in the case. Thus, the court must conclude that even if the complaint did constitute a motion for stay within the meaning of section 591(a), the time during the stay would be in force under the statute ended not later than mid-August of 2004. Plaintiff's request for stay is therefore now moot, as the court is without

12

authority to grant a stay that could extend beyond August of 2004.

The court concludes Defendants have shown there remains no genuine issue of material fact to the court's authority to grant Plaintiff's requested stay. Summary judgment in favor of Valley First, as well as the other Defendants is therefore warranted as to Plaintiff's claim for stay relief pursuant to section 591.

### B. Defendant Citibank

Citibank's unopposed statement of undisputed material facts establishes that Plaintiff opened a business account credit card on or about March 17, 1999. The card was issued in the names of Pacific Construction Concepts and Oscar Rodriguez. Citibank received notice in July of 2002, that Plaintiff had been ordered to active duty. Upon receipt of notice, Citibank reduced Plaintiff's interest rate on the business credit card account to 0.0%, and credited Plaintiff's account with all interest charges that had accrued from the date of Plaintiff's entry into active service to the date of notice.

Plaintiff's claim for relief from credit charges in excess of the amount allowed by statute is factually unsupported as to Citibank. Although Plaintiff did not make any specific allegations with respect to Citibank's interest charges, Citibank points out that its credit charges on Plaintiff's account were considerably lower that required by law and were applied retroactively to Plaintiff's date of entry into active service. Consequently, Citibank has alleged facts that are sufficient to show there remains no genuine issue of material fact as to Citibank's assertion that it did not charge interest in violation of the SCRA during the time of Plaintiff's active military service.

Citibank also points out that, of the three Citibank credit card accounts that are listed by Plaintiff in his complaint as being among those Plaintiff seeks stay relief pursuant to section 591, two of those accounts belong to Plaintiff's wife. With respect to the reduction of interest charges, section 527 provides that the interest rate cap of 6% applies to interest on debts incurred by the servicemember and by the servicemember's spouse where the debts were

13

incurred jointly. Neither Plaintiff's complaint nor Plaintiff's opposition to Defendants' motions for summary judgment allege that Plaintiff's wife's accounts with Citibank were joint accounts during the period of time relevant to this action. Further, Citibank alleges in its statement of undisputed material facts that Citibank voluntarily afforded Plaintiff's wife's accounts all the benefits to which Plaintiff's account was otherwise entitled under the SCRA. In view of the foregoing, the court concludes Citibank has alleged facts that are sufficient to show the absence of any issue of material fact as to Plaintiff's allegation of unlawful interest charges as to him or his wife. Summary judgement in favor of Citibank is therefore warranted on this issue.

As to improper credit reports, Plaintiff's complaint does not specify precisely which Defendants are alleged to have submitted negative credit reports, however Citibank makes no mention in its statement of undisputed material facts of having submitted any credit reports during the time in question nor does Plaintiff allege any such submission with respect to Citibank in its opposition. Citibank states in its moving papers that, if any credit reports were issued with respect to Plaintiffs credit card account, the reports merely reflected non-payment or late payments. Citibank denies that there were any reports that were of an improper or retaliatory nature. Because Citibank has alleged fact sufficient to establish the absence of a issue of disputed material fact with respect to Plaintiff's claim of improper reporting, and because Plaintiff has not contradicted those facts, Citibank is entitled to summary judgment on this issue.

With respect to relief through stay or restructuring of the debt pursuant to section 591, Citibank contends such relief is not authorized for the same reason as discussed above. That is, Citibank alleges Plaintiff failed to properly move the court stay of enforcement of his contractual obligation to pay his credit card balance, and the time that any such stay could have remained in effect has long since passed. For the reasons discussed above, the court finds Citibank is entitled to summary judgment as to Plaintiff's request for relief pursuant to section

591.

Plaintiff's complaint also presumably requests damages against Citibank arising from violations to the SCRA. The court finds that Plaintiff has failed to allege facts sufficient to establish a triable issue of material fact as to any violation of the SCRA. There being no violation of the SCRA, Plaintiff is not entitled to any damages. Summary judgment is therefore warranted as to Plaintiff's claims for damages against Citibank.

### C.  Defendant Bank of America

Defendant Bank of America's statement of undisputed material facts is not contradicted by Plaintiff, and the facts set forth therein are therefore accepted as undisputed by the court. Bank of America made two loans to Plaintiff. The first was a mortgage on Plaintiff's home and the second was for the purchase of a boat. Bank of America alleges, and Plaintiff does not dispute, that the interest rates on both loans was lowered to 6.0% as of February 2002, and remained at that rate through February, 2003. Bank of America also states that, to the extent it issued credit reports pertaining to Plaintiff's loans, the information submitted for the credit report was factual and not submitted in retaliation or any other improper purpose. Bank of America also states it did not actually institute foreclosure or repossession proceedings against Plaintiff's home, nor did Bank of America actually repossess Plaintiff's boat.

Bank of America requests summary judgment on each of Plaintiff's claims for relief on essentially the same grounds as discussed above. That is, Bank of America denies any factual basis for Plaintiff's claims for improper interest charges or submission of credit report information for improper purposes. Bank of America also contends Plaintiff is not entitled to relief pursuant to section 591 because the period of time during which Plaintiff 's obligations to make payments under his loan contracts could be stayed by the court has passed. Bank of America also correctly observes the SCRA does not provide relief where there is no actual institution of proceedings against secured property or actual repossession. Bank of America also correctly contends the SCRA does not provide for damages for emotional distress where,

15

as here, there was no violation of the terms of the SCRA and were there was no actual possession of the boat by Bank of America at any time.

as here, there was no violation of the terms of the SCRA and were there was no actual possession of the boat by Bank of America at any time.

The court finds Bank of America had set forth undisputed facts that establish the lack of any issue of material fact as to Plaintiff's claims against Bank of America. Plaintiff has failed to set forth any claims or arguments that would tend to raise a triable issue of material fact. Summary judgment in favor of Bank of America as to each of Plaintiff's claims is therefore warranted.

### D. Defendant American Express

As above, the statement of undisputed material facts submitted by American Express has not been objected to or contradicted by Plaintiff. The facts set forth therein are therefore taken as established.

Plaintiff opened two credit card accounts with American Express. The first was a non-revolving commercial account, the terms of which required payment in full for the outstanding balance each month, and for which no interest rate was charged. The second credit card account was a standard revolving charge account that charged a rate of interest monthly on the unpaid account balance. Upon notice of Plaintiff's entry into active military duty, American Express reduced the interest rate on the revolving charge account to 6%. Interest that had been charged since February 2002 was calculated and credited back to Plaintiff's account balance. Since no interest was charged on the non-revolving commercial account, there was no obligation to adjust interest rates on that account.

Beginning in February 2002, Plaintiff became delinquent in the payment on the non-revolving commercial account. After missing three months' payments, the account was closed and the balance owed was sent to collections in April 2002. Plaintiff made several payments to the commercial account after it was closed, reducing the balance due to $639.85, which remains unpaid. Plaintiff made sporadic payments on the revolving account during 2002, but no payments have been made since October 2002. The revolving account was cancelled in

April 2003 and an outstanding account balance of $11,111.77 remains unpaid.

American Express states only relevant factual information was provided for any credit report, and that the information was not provided for purposes of retaliation or any otherwise improper purpose. Plaintiff has not refuted this statement.

As above, Defendant American Express has set forth undisputed material facts sufficient to establish there is no genuine issue of material fact to indicate American Express violated the SCRA by improperly charging credit above the statutory maximum amount or to indicate American Express ever submitted information for credit reporting purposes that was retaliatory or otherwise improper. As also discussed above, Plaintiff's claim for stay relief pursuant to section 591 cannot be granted because the time during which such a stay could be granted has passed. Finally, because Plaintiff has not shown American Express violated the SCRA in any way, Plaintiff has not met his burden to show there remains a genuine issue of material fact as to his entitlement to an award of damages. American Express is therefore entitled to summary judgment as to each of Plaintiff's claims for relief against it.

## V. Citibank's Motion for Summary Judgment on its Counterclaim

So far as the court can discern, Citibank is the only defendant in this case to have filed a counterclaim against Plaintiff. The counterclaim was filed on April 2, 2004. The court has examined the docket and Plaintiff's opposition to Defendants' motions for summary judgment in this case and cannot find any indication that Plaintiff has answered Citibank's counterclaim or has in any way responded to the counterclaim or acknowledged its existence. Rule 55(a) of the Federal Rules of Civil Procedure provides that:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

The court concludes Citibank's motion for summary judgment on its counterclaim is procedurally improper in view of Plaintiff's non-response to the counterclaim. Citibank may properly move for default pursuant to Rule 55(a) and then move for judgment pursuant to the

procedure set forth in Rule 55(b)(2).

**ORDERS**

Pursuant to the foregoing discussion, it is hereby ORDERED that:

1. Defendant Valley First's motion for summary judgment is hereby DENIED as to Plaintiff's claim that Valley First charged interest rates in excess of the maximum permitted by the SCRA during Plaintiff's period of active military service. Valley First's motion for summary judgment is hereby GRANTED as to all other claims by Plaintiff.

2. Defendant Citibank's motion for summary judgment on each of Plaintiff's claims is hereby GRANTED in its entirety.

3. Defendant Bank of America's motion for summary judgment on each of Plaintiff's claims is hereby GRANTED in its entirety.

4. Defendant American Express's motion for summary judgment on each of Plaintiff's claims is hereby GRANTED in its entirety.

5. Defendant Citibank's motion for summary judgment on its counterclaim against Plaintiff is hereby DENIED as procedurally improper.

IT IS SO ORDERED.

Dated:   **April 7, 2006**                          **/s/ Anthony W. Ishii**
0m8i78                                                   UNITED STATES DISTRICT JUDGE