**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **OSCAR RODRIGUEZ JR. dba PACIFIC CONSTRUCTION CONCEPTS,**<br><br>　　　　**Plaintiff**,<br><br>　　v.<br><br>**AMERICAN EXPRESS, ADVANTA, BANK ONE, BANK OF AMERICA, CITIBANK, DISCOVER, FORD CREDIT, HOME DEPOT, LOWES COMPANIES, INC., INTERNAL REVENUE SERVICE, NEXTEL COMMUNICATIONS, PINE MOUNTAIN LAKE, U.S. BANKCORP, VALLEY FIRST CREDIT UNION, WELLS FARGO BANK, NBMA, and DOES 1-100, INCLUSIVE,**<br><br>　　　　**Defendant**s | CV F 03-5949   AWI LJO<br><br>**ORDER GRANTING SUMMARY JUDGMENT AS TO ALL REMAINING CLAIMS AGAINST DEFENDANT VALLEY FIRST CREDIT UNION**<br><br><br>Documents # 169 and # 200 |

　　　　This is an action by plaintiff Oscar Rodriguez ("Plaintiff") pursuant to the Soldier's and Sailor's Act Civil Relief Act, renamed pursuant to 2003 amendments the Servicemembers Civil Relief Act ("SCRA"), for damages and injunctive relief.  On April 7, 2006, the court granted summary judgment on motions for summary judgment of three of the four remaining parties in this case.  Summary Judgment was denied as to defendant Valley First Credit Union because the court determined the provisions of the SCRA required that the interest rate charged on Plaintiff's debt be reduced to the statutory maximum of 6% as of the date of entry into

1  active duty, not from the date of <u>notice</u> of entry into active duty as Valley First had used as the
2  starting date for reduction of interest charges.

3        Valley First bases its motion for reconsideration on the fact that, subsequent to the
4  court's decision of April 7, Valley First recalculated interest charges on debt owed by Plaintiff
5  based on a reduced rate of interest commencing with the date of Plaintiff's entry into active
6  duty.  From a procedural perspective, a motion to reconsider, whether pursuant to Local Rule
7  78-230(k) or Rule 60(b) of the Federal Rules of Civil Procedure, is intended to correct an order
8  or judgment that was made in consideration of erroneous facts or without consideration of facts
9  that were not or could not have been known at the time the issue was decided.  Motions to
10 reconsider are not appropriate where, as here, the court's prior decision was based on facts that
11 were correct at the time of the order and where the new facts represent actions taken by the
12 parties after, and in accordance with, the court's prior order.  Valley First's motion should have
13 been styled as a subsequent motion for summary judgment.  Because there is no opposition to
14 Valley First's motion, the court will construe the motion as a motion for summary judgment.

15       Summary judgment is appropriate when it is demonstrated that there exists no genuine
16 issue as to any material fact, and that the moving party is entitled to judgment as a matter of
17 law.  Fed. R. Civ. P. 56(c); <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 157 (1970); <u>Poller v.
18 Columbia Broadcast System</u>, 368 U.S. 464, 467 (1962); <u>Jung v. FMC Corp.</u>, 755 F.2d 708, 710
19 (9th Cir. 1985); <u>Loehr v. Ventura County Community College Dist.</u>, 743 F.2d 1310, 1313 (9th
20 Cir. 1984).  In its order of April 7, 2006, the court set forth the obligations of Valley First and
21 the other moving parties to the adjust interest charges as of the date the servicemember enters
22 into active duty in accordance with the provisions of the SCRA.  Valley First now alleges, and
23 provides evidence to show, that subsequent to the court's April 7 order, Valley First did in fact
24 make the required recalculation of Plaintiff's outstanding interest charges.  Plaintiff has not
25 denied Valley First's allegation that it properly recalculated Plaintiff's interest charges, nor has
26 Plaintiff opposed Valley First's motion.  The court finds that Valley First, having provided

undisputed evidence of compliance with the court's direction as set forth in the April 7 order, is now entitled to summary judgment on the single claim that remained following the April 7 order.

THEREFORE, it is hereby ORDERED that Valley First's motion, construed by the court as a motion for summary judgment, is GRANTED as to any and all remaining claims by Plaintiff against Valley First Credit Union.

IT IS SO ORDERED.

**Dated:   June 8, 2006**         /s/ Anthony W. Ishii
0m8i78                                    UNITED STATES DISTRICT JUDGE